[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-16121
Non-Argument Calendar
_____

D.C. Docket No. 0:11-cv-60723-JEM


ANTHONY B. WHITE,

                                                          Plaintiff-Appellant,

ROBERT P. BISSONNETTE,

                                                          Plaintiff,

versus

CREATIVE HAIRDRESSERS INC.,
a Virginia Corporation,
d.b.a. The Hair Cuttery,

                                                          Defendant-Appellee,

CHRISTINE L. WILSON, et al.,

                                                          Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 18, 2013)

Before BARKETT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Anthony White, a male, appeals from the district court's grant of summary judgment in favor of his former employer in his sexual harassment suit under Title VII and the Florida Civil Rights Act.  White alleged that Creative Hairdressers, Inc., d/b/a The Hair Cuttery ("Hair Cuttery"), was liable for allowing his former manager at a Hair Cuttery salon to sexually harass him.  The district court granted summary judgment to the defendant, finding that there were no genuine issues of material fact that Hair Cuttery exercised reasonable care to prevent and correctly promptly any sexually harassing behavior, and that White unreasonably failed to take advantage of preventive or corrective opportunities or to avoid harm.  On appeal, White argues that the district court: (1) abused its discretion in excluding one of his coworkers, Jared Stallings, as a witness; (2) abused its discretion in denying him leave to amend his response to the summary judgment motion; (3) erred in granting summary judgment; and (4) improperly shifted the burden of proof to establish a defense from Hair Cuttery to him.

## I.

We review a district court's exclusion of a witness not disclosed in a pretrial witness list for abuse of discretion.  *Bearint ex rel. v. Dorell Juvenile Group, Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004).  We consider "(1) the importance of the

2

testimony; (2) the reason for the appellant's failure to disclose the witness earlier; and (3) the prejudice to the opposing party if the witness had been allowed to testify." *Id.* To affirm a district court's ruling excluding a witness, all three factors need not weigh in favor of exclusion. *See id.* (affirming the exclusion of a witness, "[r]egardless of the importance of [his] testimony," when the reasons for the delay in disclosure and consequent prejudice to the other party supported his exclusion). *Id.*

In this case, the record reflects that the district court made individualized rulings on the admissibility of each witness and, based thereupon, we cannot say that the reasons given by the district court for the exclusion of Stallings' testimony, including the Plaintiff's lack of diligence in identifying him as a witness, constituted an abuse of discretion.

## II.

"A district court's decision to grant or deny leave to amend is reviewed for abuse of discretion." *Forbus v. Sears Roebuck & Co.*, 30 F.3d 1402, 1404 (11th Cir. 1994) (citation omitted) (reviewing a district court's grant of leave to amend an answer to include an additional affirmative defense). "District courts have broad discretion to grant or deny leave to amend[,]" and "[i]n the absence of undue

delay, bad faith, dilatory motive, or undue prejudice, leave to amend is routinely granted." *Id*. at 1405.

Here, White timely filed a response brief, and only sought to amend his response to cite to deposition transcripts that he had not obtained when he filed his response due to his own delay. Thus, the district court did not abuse its discretion in denying White leave to amend his response brief, nor did the court abuse its discretion in denying White's alternative motion for leave to file a surreply.

III.

We review *de novo* a grant of summary judgment, applying the same substantive law as the district court. *Durr v. Shinseki*, 638 F.3d 1342, 1346 (11th Cir. 2011). Summary judgment is proper where there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Crawford v. City of Fairburn, Ga.*, 482 F.3d 1305, 1308 (11th Cir. 2007); Fed.R.Civ.P. 56(a).

Even if an employee establishes a *prima facie* case of sexual harassment, an employer can avoid liability under the *Faragher/Ellerth*[1] defense if the employer shows (1) that it exercised reasonable care to prevent and promptly correct harassing behavior, and (2) that the employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the

---

[1]  *Faragher v. City of Boca Raton*, 524 U.S. 775, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998); *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998).

4

employer, or to otherwise avoid harm.  *Frederick v. Sprint/United Mgmt.*, 246 F.3d 1305, 1313 (11th Cir. 2001).  Both elements must be satisfied for the employer to avoid liability, and the employer bears the burden of proof on both elements.  *Id.*

Here, the district court did not reversibly err in finding that the *Faragher/Ellerth* defense applied and that summary judgment in favor of Hair Cuttery was warranted on White's claims under Title VII and the FCRA.  In light of the undisputed evidence as to Hair Cuttery's promulgation and dissemination of sexual harassment policies and complaint procedures, the district court properly found that there were no genuine issues of material fact that Hair Cuttery adequately disseminated its policies.  The court also properly found that White failed to promptly take advantage of Hair Cuttery's sexual harassment policies and complaint procedures by not promptly notifying the company of his harassment.

Finally, White has not shown that the district court improperly shifted the burden of proof as to the summary judgment motion, and the record supports the court's grant of summary judgment for Hair Cuttery.

**AFFIRMED.**